Per Curiam,

we cannot pass any effectual order or judgment against the State — neither is there any instance of a court saying to a sovereign body, they ought to do thus or thus : for us to pass an order without any precedent, and which it would be optional in them upon whom it was intended to operate, either to comply with *255 or not, would be to place ourselves in a ridiculous point of view'. We I»ave no power to make such an order. per one of the Judges — Í was surprized at the adjudication at Hillsborough, which has been cited at the bar, w hen it took place. I argued that cause on the prtrt of the State, and I could recollect no case like it that [ ever had read or heard of. I have thought much of it since, and looked much into the authorities. The practice of set-offs is founded upon a statute, and were it not for that, a set-off could not be allowable; it therefore can extend no further than the true spirit of the act will ad-unit — that was to diminish the number of law- suits and expence to the parties, ft intended, where two parties had reciprocal demands, that the Defendant instead of suing, might plead his demand of equal or greater value in bar; if of less value, might set it off upon notice given. By this means he had justice more easily done, and at much less expence than when both parties were to sue reciprocally. Paynter v. Walker. C. B. Easter 4.-Geo. III. Buller 179. 1 Wils. 155. Cowp. 133, 135. It follows from hence, that a Defendant cannot set off, but iu a case where he might sue the Plaintiff if he thought proper. This was certainly the true meaning of the act of 1756, ec. 4, s. 7, and as the case cited was brought qn suddenly, on a motion on the part of the State for judgment, and determined suddenly, without time taken Vs consider, and a<^ it was against the current of authorities, it was improper perhaps to cite it as a precedent, before it should be corroborated by some concurrent decision, or by some case adjudged upon consideration.— Oite of the reasons given for the decision in that case was, that the. Defendant could not sue the .State; and that was the strongest reason that could be offered, to prove lie should be allowed to set off his demand. The circumstance of the practice of set-offs being introduced by, and being dependant on an act of Assembly, was not at all attended to. But the practice was treated as an equitable practice founded on the common law, or in reason- and propriety only : besides, it does not follow, that because the party cannot set off, he cannot obtain justice from the public — the Legislature will surely have magnanimity and justice enough to pay the party his just demand, upon a proper application. The case cited therefore is to be doubted of.